[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: March 10, 1995 Date of Application March 10, 1995 Date Application Filed: March 10, 1995 Date of Decision: August 26, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury, Docket Number CR 93-86882S.
The petitioner was convicted by a jury of Rioting in a Prison in violation of Conn. Gen. Stat. 53a-179b(a). The trial court imposed a sentence of fifteen years to serve consecutively to the sentence that the petitioner was incarcerated on at the time of sentencing.
The record shows that a riot broke out at the Garner Correctional Institution on April 21, 1993. The riot was a result of rival inmate gang fighting in the facility. During the riot the petitioner was observed participating on two occasions. The petitioner was observed by a correction officer spraying pepper mace in the face of another correction officer and secondly he was observed banging a lock in a sock and exhorting his fellow prisoners by stating "It's on. It's on. Kick it off." The jury convicted the petitioner of the riot charge only.
At the hearing petitioner's counsel introduced to the panel a State of Connecticut Judicial Branch Report, which includes dispositions of all Riot In Correctional Facility cases from 1990 CT Page 8645 to present. Based upon that report counsel noted that the sentence imposed upon the petitioner was clearly within the top 2 or 3% of the sentences meted out in similar cases. It was counsel's argument that this was not a large scale riot and the petitioner was convicted because of the fact that he was identified as a member of one of the gangs participating in the altercation at the facility. Counsel urged this panel to look at the statistical data provided, and conclude that the sentence imposed was disproportionate and excessive.
The attorney representing the state pointed out that the petitioner is a horrendous discipline problem both outside and inside of the institution. She noted that the petitioner had a long criminal record and that while inside of the prison he has amassed sixty-four disciplinary reports. Such conduct was repulsive and foreclosed the thought of the ability to rehabilitate the petitioner. She further noted that the trial judge had the time to observe the petitioner's attitude and conduct during the trial and to listen to the witness's description of the riot. She urged this panel to let the sentence stand as it was imposed.
Pursuant to Conn. Practice Book § 942 the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest, and the deferent, rehabilitative, isolative and denunciatory purpose for which the sentence was intended."
In reviewing the data presented to the panel we find a range of sentences from the maximum years to serve to only six months for a conviction of a similar crime. As the petitioner's counsel has admitted the present sentence is within the top 2 to 3% of the high range of sentences imposed on other riot conviction cases, but it is five years shy of the maximum that could have been given by the trial court. The data presented shows the wide range of sentences by other courts; however, without the factual predicate, the person's criminal history and other input utilized by the court, the data is of limited value in deciding whether the sentence imposed here is within the scope of Practice Book 942.
When looking at the fifteen year sentence, this panel takes CT Page 8646 into consideration the nature of the crime. Here, counsel sought to downplay the scope and significance of the riot; We strongly disagree, all riots are in and of themselves destructive to the social order within a prison. All staff and prisoners have the possibility of sustaining injury within the destructiveness of the acts of rioting. A review of a supervisor's report of the riot certainly paints a horrid picture of what happened that contrasts with counsel's claims.
 "At 2174 hours, the inmates indicated that they had . . . as a hostage and they would wait 15 minutes for their demands to be met and if not . . . indicated they would kill. . .and throw him out". The damage to the facilities was extensive. "The control console was heavily damages with wiring ripped for the console and panels dented. The counselor's office was forcibly entered by using a weight bench as a ram. . . . There was a fire in front of one of the cells. The control console was heavily damaged with wiring ripped from the console and panels dented. The counselor's office was forcibly entered by using a weight bench as a ram. Desk and file cabinet contents were strewn around the office and open areas of the block. A ping pong table was located on the second floor, adjacent to an exit door and believed used as a barricade. Sheets and cable from the weight machine were tied together and then tied to stair railings to secure the main second floor entry door into the block. All cell door windows were broken or damaged on cells 201, 113, 114, 117 and 127. The toilet was continuously running in cell 106. Fire damage was observed outside cells 111 and 114. Personal items were observed bagged in cells 102, 104, 105, 106, 107, 112 and 125, indicating that some occupants of these units were out in the block while the block was under inmate control.
In reviewing the sentencing transcript we find that the court placed proper emphasis on the past criminal record of the petitioner both in and out of prison, noting that the petitioner has over 60 violations while in prison and that some of those are assaultive in nature. We agree with the State's Attorney that the petitioner lacks the ability to conform his conduct within acceptable societal norms. CT Page 8647
In reviewing the record as a whole we find that the sentence imposed was neither inappropriate nor disproportionate for the crime of Riot in a Correctional facility. THE SENTENCE IS AFFIRMED.
Norko, J.
Klaczak, J.
Miano, J.
Norko, J., Klaczak, J. and Miano, J. participated in this hearing.